Mark E. Macy
Macy Law Office, PC
217 West 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Facsimile: (307) 632-8100
E-Mail: mark@macylaw..net
Wyoming Bar Number 5-2651

Richard E. Holmes
Aaron D. Wiseley
Matthew J. Mlleis
Holmes & Wiseley, P.C.
2090 Celebration Drive, NE, Suite 202
Grand Rapids, Michigan 49525
Telephone:(616) 447-9610
Facsimile: (616) 447-9630
E-Mail: mmalleis@holmeswiseley.com

Pro Hac Vice Admission Pending

Attorneys For The Plaintiffs
Aleksandr and Lyundmila Durnyak



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ALEKSANDR DURNYAK and LYUDMILA DURNYAK, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>NEW PRIME, INC., d/b/a PRIME, INC., and STEPHEN GIVENS,<br><br>Defendants. | Case No. **12CV178S** |

## COMPLAINT AND JURY DEMAND

**COME NOW** the Plaintiffs, ALEKSANDR ("Alex") DURNYAK and LYUDMILA DURNYAK, by and through their attorneys, and hereby assert claims against defendants, NEW PRIME, INC., d/b/a PRIME, INC. ("Prime") and STEPHEN GIVENS ("Givens") as follows:

## I. NATURE OF ACTION

1. This is an action for damages against defendants arising out of a two vehicle collision which occurred on October 31, 2009, on westbound I-80, near mile post marker 118, in Sweetwater County, Wyoming. More specifically, the accident occurred as a result of defendants' negligent, willful and wanton conduct when a Prime commercial motor vehicle ("CMV") being operated with its authority by Givens caused a collision with a commercial motor vehicle operated by Aleksandr Durnyak, that was proceeding in the same direction (hereinafter the "Accident"). Alex Durnyak was catastrophically and permanently injured in the Accident caused by defendants, and has suffered economic and non-economic damages as a result. Lyudmila Durnyak is Alex Durnyak's wife and has lost her husband's consortium and services. Accordingly, plaintiffs seek economic, non-economic and punitive damages against Prime and Givens as a result of the accident, and such other relief as may be deemed proper by the Court.

## II. THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff Alex Durnyak is a citizen of the State of South Dakota.

3. Plaintiff Lyudmila Durnyak is a citizen of the State of South Dakota, and at all times was and is the lawful spouse of Alex Durnyak.

4. Defendant Givens, upon information and belief, is a citizen of the State of California, and was an employee of Prime at the time of the Accident. Upon information and belief, at the time of the Accident, Givens was operating a CMV, and as such, is subject to both state and federal regulations and laws applicable to the operation of a CMV.

5. Defendant Prime is a corporation incorporated under the laws of the State of Nebraska, authorized to conduct business in the State of Wyoming, and has its principal place of business in Springfield, Missouri. Prime is a regulated interstate motor carrier having USDOT

number 003706, primarily engaged in the enterprise of providing transportation services to the shipping public under authority granted by the United States Department of Transportation ("USDOT"). As a regulated interstate motor carrier, Prime and its employees, including Givens, are subject to state and federal regulations and laws concerning the transportation of goods in interstate commerce, and regulations and laws concerning the operation, maintenance, and repair of CMVs operated under Prime's USDOT authority.

6. This Court has original jurisdiction over this action pursuant to 28 USCA §1332 (a) (Diversity), as the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and plaintiffs and defendants are citizens of different states.

7. Venue is proper in this Court pursuant to 28 USCA §1391(b) and (g) on the grounds that the events giving rise to, and which caused the Accident, took place in this judicial district.

### III. FACTUAL ASSERTIONS

8. Plaintiffs reincorporate and reallege paragraphs 1-7 as a fully restated herein.

9. On October 31, 2009 at approximately 5:00 p.m., Alex Durnyak was operating a (CMV) westbound on I-80 between mile post markers 118 and 119 in the right-hand lane.

10. On that same date, Givens was operating a CMV owned and/or leased by Prime, under Prime's USDOT authority and with Prime's Express and/or complied consent.

11. The Prime vehicle Givens was operating experienced a mechanical breakdown and Givens pulled over to the right-hand shoulder of westbound I-80 between mile post markers 118 and 119.

12. Following an undetermined amount of time, Givens resumed his trip and began to drive the Prime vehicle continuing westbound on I-80 at approximately 5:00 p.m.

13. Despite the fact that traffic was not clear, and despite the fact that the Prime vehicle

was traveling significantly slower than traffic, and despite the fact that Alex Durnyak's vehicle had the right-of-way, Givens steered the Prime vehicle from the right-hand shoulder into the right-hand westbound lane of I-80, directly into the path and lane lawfully occupied by Alex Durnyak's CMV. As a result, the Accident occurred.

14. As a result of the Accident caused by the defendants, Alex Durnyak suffered catastrophic and life-altering injuries, both mental and physical, including but not limited to:

   a. Closed head traumatic brain injury with loss of cognitive functioning;

   b. Fractured lumbar vertebrae;

   c. Fractured pelvis;

   d. Left humeral fracture;

   e. Left fibula fracture with syndesmotic disruption;

   f. Fractured ribs;

   g. Nasal, malar and maxillary bone fractures;

   h. Left calf degloving injury with resultant cadaver skin harvesting and graft;

   i. Loss of vision.

15. As a result of the injuries suffered in the accident, Alex Durnyak has been forced to undergo extensive and lengthy inpatient rehabilitation and treatment, and has undergone multiple surgical procedures including, but not limited to open reduction and internal fixation in his left shoulder, face, and left ankle, implantation of zygomatic plates, and has also suffered a loss of cognitive functioning and impairment of his vision.

16. As a result of injuries suffered in the accident, Alex Durnyak has suffered and will continue to suffer the following damages including, but not limited to:

   a. Past and future expenses for medical care, treatment and rehabilitation;

     b.       Past and future emotional and physical pain and suffering;

     c.       Past and future disability and/or an inability to live with a normal body;

     d.       Past and future loss of the enjoyment of life;

     e.       Past and future loss of income and loss of earning capacity;

17. Plaintiff Lyudmila Durnyak as a result of the injuries suffered by her husband, Alex Durnyak, in the Accident, has lost her husband's services, consortium, companionship, society and support, both past, present as well as future.

## IV.
## COUNT I – NEGLIGENCE

18. Plaintiffs' reincorporate and reallege paragraphs 1-17, as if fully restated herein.

19. At the time of the Accident, and at all times leading up to the Accident, defendants owed plaintiff, Alex Durnyak and the public, the duty to obey and drive within the conformities embodied in the common law, the laws of the State of Wyoming and the federal laws and regulations governing the operation of a CMV.

20. That defendants did then and there at the time of the Accident, and at all times relevant leading up to the Accident, display negligence and misconduct by causing the collision between the Prime CMV operated by Givens and the CMV operated by plaintiff, Alex Durnyak.

21. At the time of the Accident and at all times relevant leading up to the Accident, defendants breached their duties owed to plaintiff and the public as follows:

    a. Driving at an improper rate of speed under the conditions then and there existing;

    b. In failing to keep a reasonable lookout for reasonable persons and vehicles using said highway;

    c. In failing to drive with due care and caution;

    d. In failing to take all possible precautions to avoid any collision with other motor

vehicles;

    e. In failing to make and/or renew observations of the conditions of traffic on the highways;

    f. Violation of WS 31-5-216 and 31-5-223;

    g. Operating an unsafe CMV with unqualified personnel and;

    h. Other acts or omissions which caused or contributed to the Accident.

22. As a proximate cause of defendants' negligence, Alex Durnyak was seriously injured as previously stated in paragraph 14 above.

23. As a proximate result of said injuries and as a proximate result of defendants' negligence, plaintiffs have suffered the damages identified in paragraphs 16 and 17 above.

**WHEREFORE**, plaintiffs now claim judgment against defendants for whatever amount the finder of fact finds they are entitled and such other relief as be deemed proper and just by the Court.

## V.
## COUNT II – RESPONDEAT SUPERIOR

24. Plaintiffs' reincorporate and reallege paragraphs 1-23, as if fully restated herein.

25. At the time of the Accident, and, at all times relevant hereto, Prime was the employer of Givens, who was acting within the course and scope of his employment with Prime and operating Prime's CMV, with Prime's permission.

26. In addition to the allegations as set forth above, Prime is liable for defendant Givens' negligence under the doctrine of Respondeat Superior.

27. As a proximate cause of defendant's negligence which occurred while Givens was in the course and scope of his employment with Prime, pursuant to the doctrine of Respondeat Superior and vicarious employer-employee liability, plaintiff was injured and suffered damages as previously stated in paragraphs 16 and 17 above.

**WHEREFORE**, plaintiffs now claims judgment against defendants for whatever amount the finder of fact finds they are entitled and such other relief as be deemed proper and just by the Court.

## VI.
## COUNT III – NEGLIGENT HIRING, TRAINING, AND ENTRUSTMENT

28. Plaintiffs' reincorporate and reallege paragraphs 1-27, as if fully restated herein.

29. Defendant Prime carelessly, recklessly, wantonly, and negligently entrusted a CMV and the operation thereof to defendant Givens, the latter being a person incompetent, unqualified, and unfit to drive a motor vehicle upon the highways of the State of Wyoming by reasons of Givens' inability, experience, and consistently negligent driving, all of which was known by defendant Prime, or should have been known in the exercise of reasonable care and caution by defendant Prime and therefore defendant Prime is hereby guilty of negligence, independent of defendant Givens.

30. In addition to the allegations previously set forth, defendant Prime is liable for the negligence and actions of defendant Givens, under the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations and United States Code.

31. Prime was further negligent in failing to ensure that its employees, including Givens, adhere to the proper regulations and/or properly supervise, train, or control its employees, including Givens, in the maintenance and operation of a CMV.

32. Defendant Prime was further negligent in its supervision of defendant Givens.

33. The negligence of Prime in directing, instructing, supervising, and entrusting, the CMV to defendant Givens was a cause of the collision.

34. As a direct and proximate result of Prime's negligence, plaintiff was seriously injured and damaged as more fully set forth in paragraphs 16 and 17 above.

WHEREFORE, plaintiffs now claims judgment against defendants for whatever amount the finder of fact finds they are entitled and such other relief as be deemed proper and just by the Court.

## VII.
## COUNT IV – LOSS OF CONSORTIUM

35. Plaintiffs' reincorporate and reallege paragraphs 1-33, as if fully restated herein.

36. As a result of the injuries to her spouse, caused by defendants, plaintiff Lyudmila Durnyak has lost her husband's services, consortium, companionship, as well as his society and support, both past and in the future.

WHEREFORE, plaintiffs now claims judgment against defendants for whatever amount the finder of fact finds they are entitled and such other relief as be deemed proper and just by the Court.

## VIII.
## DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiffs, pursuant to Fed.R.Civ.P.38 and 39, plaintiffs Aleksandr Durnyak and and Lyudmila Durnyak demand a trial by jury of all issues triable of right by a jury. The requisite fee is filed herewith.

**DATED** this 17th day of August, 2012.

ALEKSANDR DURNYAK and
LYUDMILA DURNYAK, Plaintiffs

BY: _/s/ Mark E. Macy_
Mark E. Macy
Macy Law Office, PC
217 West 18th Street
Cheyenne, WY 82001
Telephone: (307) 632-4100
Facsimile: (307) 632-8100
E-Mail: mark@macylaw..net
Wyoming Bar Number 5-2651
